UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT M. SCHUTTE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NUCOR CORPORATION, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19cv1149-LAB (NLS)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER SCREENING AND DISMISSING COMPLAINT** |

　　　　Plaintiff Brett Schutte, *pro se*, filed a complaint along with a motion for leave to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. The IFP motion is **GRANTED**.

　　　　Schutte asks the Court to appoint counsel for him. Plaintiffs in civil cases have no right to appointment of counsel. Under exceptional circumstances, the Court may request counsel to represent indigent civil litigants. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing 28 U.S.C. § 1915(e)(1)). In deciding whether this is such a case, the Court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims

pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

This does not appear to be an exceptional case, however. Schutte's motion shows that he contacted three large law firms, two of whom said they had a conflict of interest and one of whom asked him for a retainer, which he could not provide. He is bringing claims based on a business dispute, and contacted only firms unlikely to be able to represent him because of the large number of Defendants he is suing, including the boards of regents of two public universities. The firms he contacted are also unlikely to accept his case on a contingency basis. He apparently did not contact any low-cost legal providers, legal aid agencies, or small law practices that might be willing to take his case on contingency. Schutte appears reasonably able to articulate his claims. But for reasons discussed below, it does not appear likely he can succeed on the merits in this Court. The motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

Under 28 U.S.C. § 1915(e)(2), the Court must screen the complaint of any plaintiff proceeding IFP, and dismiss it to the extent it fails to state a claim or seeks money damages against an immune defendant. See *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Because Schutte is proceeding *pro se*, the Court construes the complaint liberally. See *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But the Court will not supply facts he has not pled. See *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). When conducting the mandatory screening under 28 U.S.C. § 1915(e)(2), the Court uses the standard applicable to motions under to Fed. R. Civ. P. 12(b)(6). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). The Court is required to raise the issue of jurisdiction *sua sponte*. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977).

The complaint identifies a business dispute based on unfair competition of some kind. He alleges he brought a business idea to several of the Defendants,

who met with him in San Diego. Then, he alleges, without his consent these Defendants began dealing with his contacts behind his back and began doing business with them. This might or might not amount to theft or improper use of trade secrets, depending on whether the information Defendants used amounted to a trade secret. It might amount to some kind of breach of contract. Or it might amount to unfair competition. But whatever the nature of Schutte's claim, he has not explained why this Court would have jurisdiction over it, nor alleged facts that would reasonably show the Court has jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) (requiring that a complaint contain a short and plain statement of the basis for the Court's jurisdiction).

Two of the most common bases for federal jurisdiction, federal question and diversity, do not appear on the face of the complaint. It is not clear what law Schutte's claims are based on, but they could arise entirely under California or other state law. Furthermore, the allegations do not allege the citizenship of Schutte or any of the Defendants.[1] *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).

Bearing in mind that two of the defendants are the boards of regents of public universities, they do not appear to be diverse. *See Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973) (holding that an arm of a state is not a "citizen" for diversity purposes); *Humenansky v. Regents of Univ. Minn.*, 152 F.3d 822, 824 (8th Cir. 1998) (holding that University of Minnesota was an instrumentality of the state); *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981) (holding that University of

///

---

[1] Although the caption names only NuCor Corporation and two boards of regents as Defendants, the body of the complaint identifies several others. (Compl. at 2.)

Arizona's board of regents was not a citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332).

Furthermore, boards of regents of state universities are likely to be immune from suit for money damages under the Eleventh Amendment. *Humanensky* at 823 (treating board of regents as entitled to Eleventh Amendment immunity to the same extent as the university and state); *Ronwin* at 1073–74 (holding that University of Arizona's board of regents enjoyed Eleventh Amendment immunity).

The complaint is **DISMISSED WITHOUT PREJUDICE** for failure to invoke the Court's jurisdiction. If Schutte believes he can successfully amend his complaint to show that the Court has jurisdiction, he may do so no later than **July 25, 2019**. His amended complaint must comply with Fed. R. Civ. P. 8, and must be received and docketed by the due date, not merely mailed or postmarked. If he files an amended complaint by that date, it must clearly show why the Court has jurisdiction over his claims. Otherwise, this action will be dismissed without prejudice to its being refiled in a court that does have jurisdiction.

**IT IS SO ORDERED**.

Dated: June 24, 2019

*/s/ Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge